**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Air Medical Services Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Triple-S Salud Incorporated, <br><br> Defendant. | No. CV-15-00149-PHX-DGC <br><br> **ORDER** |

This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs are Francisco Ortiz-Maldonado and International Air Medical Services, Inc. ("IAMS"). IAMS provides air-ambulance services. On March 20, 2013, IAMS transported Maldonado from a hospital in Florida to a hospital in Puerto Rico. Maldonado had health-insurance coverage with Defendant Triple-S Salud. To pay IAMS for its services, Maldonado assigned to IAMS his rights under the Triple-S plan. IAMS requested payment from Triple-S, but Triple-S repeatedly denied the request.

On January 28, 2015, Plaintiffs brought suit under ERISA for a recovery of plan benefits. Triple-S has now filed a motion to dismiss, arguing that (1) IAMS lacks standing to sue under ERISA; (2) Maldonado has died and is no longer a proper party; and (3) the District of Arizona is an improper venue. Doc. 18. Triple-S also argues that the Court should transfer this case to the District of Puerto Rico if the Court finds dismissal to be improper. The motion is fully briefed and neither party has requested oral argument. Docs. 19, 20. The Court will grant the motion to dismiss.

**I.    Plaintiffs' Standing or Capacity to Bring This Action.**

    **A.    IAMS' Statutory Standing.**

Triple-S argues that IAMS lacks standing to sue under ERISA because IAMS is not an ERISA participant, beneficiary, or fiduciary. "ERISA provides for a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan." *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. § 1132(e)(1)). "ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), identifies only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor as '[p]ersons empowered to bring a civil action.'" *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1288-89 (9th Cir. 2014). All other persons lack standing to bring suit under ERISA. *Id.* The question of whether a plaintiff has statutory standing under ERISA is not jurisdictional, but goes to the merits of the plaintiff's claims. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 979 (9th Cir. 2012); *see also Harris v. Amgen, Inc.*, 573 F.3d 728, 732 n.3 (9th Cir. 2009) ("[A] dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim.").

IAMS does not argue that it is a participant, beneficiary, or fiduciary under the Triple-S health plan. Rather, it argues that it may bring suit derivatively on the basis of Maldonado's assignment. "ERISA does not forbid assignment by a beneficiary of his right to reimbursement under a health care plan to the health care provider." *Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1377 (9th Cir. 1986). "The issue of assignability is left to the discretion of the contracting parties." *Metcalf v. Blue Cross Blue Shield of Mich.*, 57 F. Supp. 3d 1281, 1294 (D. Or. 2014).

Plaintiffs allege in their complaint that "[u]nder the contract with IAMS[,] Ortiz-Maldonado not only selected IAMS as his provider, but also appointed IAMS as his authorized representative for purposes of prosecuting his claim for air ambulance transportation benefits." Doc. 1, ¶ 50. Plaintiffs also allege that "Ortiz-Maldonado, as a beneficiary under the Plan, is entitled to recover benefits under the terms of the Plan – as is IAMS standing in the shoes of Ortiz-Maldonado relative to such benefits." *Id.*, ¶ 96.

The Court must take these allegations as true. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). IAMS therefore appears to have standing under ERISA as the assignee of Maldonado's rights.

Triple-S argues that its contract with Maldonado prohibits the assignment of rights to IAMS. In so arguing, Triple-S relies on a translated copy of the contract that Triple-S has attached to its motion. Ordinarily, the Court does not consider evidence or documents beyond the complaint when ruling on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *see also* Fed. R. Civ. P. 12(d). But a court may "consider evidence on which the complaint 'necessarily relies' if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). Here, Plaintiffs' complaint regularly refers to Maldonado's contract with Triple-S. Doc. 1, ¶¶ 3, 7, 10, 96. The contract is central to Plaintiffs' case because Plaintiffs would not have an ERISA claim absent the contract. Finally, neither party questions the authenticity or accuracy of the translated copy of the contract. The Court will therefore consider the contract.

"[P]lans may contain anti-assignment clauses in order to constrain the costs of health care." *Metcalf*, 57 F. Supp. 3d at 1294. "Anti-assignment clauses in ERISA plans are valid and enforceable." *Spinedex*, 770 F.3d at 1296 (citing *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991)). The relevant portion of the contract reads:

> 15. **Personal Rights:** The participating person will not yield, transfer or dispose of any of the rights and benefits that can be claimed under this contract in favor of a third party; provided, that Triple-S Health reserves the right to recover any expenses incurred in case the participating person, with express or implied consent, allows that a non-participating person use the card issued in the participant's favor by Triple-S Health; and also establishing that the recovery of such expenses does not preclude Triple-S Health from cancelling the plan's contract the moment the illegal use of the card is discovered, nor will it impede the initiation of a complaint for criminal prosecution of the participating person or the person that illegally makes use of said card.

Doc. 18-2 at 19. The statement that a "participating person will not yield, transfer or

- 3 -

dispose of any of the rights and benefits that can be claimed under this contract in favor of a third party" is an anti-assignment clause. *See, e.g.*, *City of Hope Nat. Med. Ctr. v. Seguros de Servicios de Salud de Puerto Rico, Inc.*, 983 F. Supp. 68, 74 (D.P.R. 1997) (finding that similar language from a Triple-S contract constituted an anti-assignment clause), *aff'd* 156 F.3d 223 (1st Cir. 1998). Maldonado's contract with Triple-S therefore bars the attempted assignment of rights to IAMS.

Plaintiffs argue that the quoted paragraph does no more than prevent a participant from allowing a non-participant to use his card to obtain healthcare benefits. But the opening language of the paragraph is not so limited. It states that a participant "will not yield, transfer or dispose of" his rights and benefits under the contract. An assignment of rights under the contract is clearly a "transfer" of those rights. True, the language that follows this statement clarifies that Triple-S reserves the right to recover expenses and cancel the contract if a participant allows another to use his card. But the Court cannot conclude that this clarification, which begins with the word "provided" – a word that normally signals a narrower caveat to a more general statement – suggests that the entire paragraph is limited to loaned cards. It prohibits the "transfer" of rights as well.

Plaintiffs argue that another paragraph in the contract shows that a plan participant may assign rights:

> 21. **Payment of Claims:** The benefits provided under this contract will be payable to the professional or participating service provider, or directly to the participating person, if non-participant facilities or providers were used or services were received that, even if provided by the participants, are paid based on compensation, as long as all the required evidence and reports have been provided to Triple-S Health.

Doc. 18-2 at 20. Plaintiffs argue that IAMS is a "professional or participating service provider" that is entitled to direct payment from Triple-S. But even if this is true, it does not make IAMS a "participant, beneficiary, or fiduciary" qualified to bring an ERISA action in court. 29 U.S.C. § 1132(a). And it says nothing about Maldonado's ability to assign his rights under the contract. Because IAMS has not plausibly alleged that it is a participant, beneficiary, or fiduciary of an ERISA plan, its claim must be dismissed.

- 4 -

**B.     Maldonado's Death.**

Triple-S has produced evidence that Plaintiff Maldonado died in 2013. Doc. 18-1, ¶ 8; Doc. 18-2 at 2. Plaintiffs' counsel do not dispute this fact.[1] Rather, they seem to argue that a case may continue even after a plaintiff's death. In so arguing, they cite *Couture v. Gen. Motors, LLC*, No. CV-12-00106-PHX-FJM, 2013 WL 1693598 (D. Ariz. Apr. 18, 2013). But in *Couture*, the court substituted another person for the plaintiff who died. *Id.* at *1. This is the proper procedure under Rule 25, which states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rather than follow this procedure, the Court finds that dismissal without prejudice is proper. Due to its lack of standing, IAMS cannot prosecute this case in Maldonado's absence. And as discussed below, the District of Arizona is an improper venue for this case. The Court will therefore dismiss this case without prejudice, thereby allowing Maldonado's successor or representative to file suit in a proper venue.

**II.    Improper Venue.**

Triple-S argues that the District of Arizona is an improper venue. Fed. R. Civ. P. 12(b)(3). "Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). ERISA has its own venue provision, 29 U.S.C. § 1132(e)(2), which applies instead of the general venue statute, 28 U.S.C. § 1391. *See Angel Jet Servs., L.L.C. v. Red Dot Bldg. Systems' Employee Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *1 (D. Ariz. Feb. 8, 2010). This provision states that "an action [under ERISA] . . . may be brought in [1] the district where the plan

---

[1] In their complaint, Plaintiffs state that IAMS was the assignee "pursuant to . . . an Appointment of Personal Representative executed by Ortiz-Maldonado." Doc. 1, ¶ 11. The Court assumes that Plaintiffs do not mean that IAMS is the appointed representative of Maldonado's entire estate. The entirety of the complaint implies that Maldonado assigned to IAMS the limited right to recover benefits under his healthcare plan.

- 5 -

is administered, [2] where the breach took place, or [3] where a defendant resides or may be found[.]" 29 U.S.C. § 1132(e)(2). Venue is improper in Arizona under this venue provision.

First, Plaintiffs' complaint concedes that the healthcare plan was not administered in the District of Arizona: "Defendant Triple-S Salud is a Puerto Rican entity which provides health care benefits to Puerto Rican businesses and their enrolled employees and families. Triple-S Salud is a licensee of Blue Cross Blue Shield Association, serving citizens and businesses in Puerto Rico." Doc. 1, ¶ 5.

Second, the alleged breach of the plan occurred in Puerto Rico, not Arizona. Many courts have held that the breach of an ERISA plan takes place in the district where the beneficiary was to receive benefits. *See Angel Jet Servs.*, 2010 WL 481420, at *3 (collecting cases). Plaintiff alleges that Maldonado was a resident of Puerto Rico and does not allege that he has connections with Arizona. Doc. 1, ¶ 3. Some courts have held that the breach may also take place where an assignee was to receive benefits, and Plaintiffs emphasize that IAMS is an Arizona-based company. *See, e.g.*, *Cole v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 225 F. Supp. 2d 96, 98 (D. Mass. 2002). But as discussed, IAMS is not a valid assignee of Maldonado's rights under the plan.

Third, Plaintiffs have not shown that Triple-S resides or is found in Arizona. Under ERISA's venue provision, "a defendant may be found in a district where personal jurisdiction would exist." *Angel Jet Servs.*, 2010 WL 481420, at *4 (citing *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979)). Broadly speaking, a court may exercise jurisdiction over a defendant if the defendant has "'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Plaintiffs do not discuss whether the Court has personal jurisdiction over Triple-S. Plaintiffs emphasize that Triple-S has contacts with IAMS, which is an Arizona-based company. Specifically, Maldonado chose IAMS as his air-ambulance provider and IAMS requested payment from Triple-S. These companies then debated whether Triple-S should compensate IAMS. At best, these facts show a relationship between Triple-S and IAMS, not contacts between Triple-S and Arizona as required for the exercise of personal jurisdiction. *Walden*, 134 S. Ct. at 1125; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Furthermore, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson*, 357 U.S. at 253. IAMS reached out to Triple-S for payment. This does not create contacts between Triple-S and Arizona.

Plaintiffs also argue that Triple-S "availed [itself] to venues within the continental United States, by virtue of their licensee and contractual relationships with U.S. healthcare giant, Blue Cross Blue Shield. Throughout Defendants' Policy, they flaunt the 'benefits' and 'savings' of providing Blue Cross Blue Shield benefits to their participants." Doc. 20 at 12. Plaintiffs' argument appears to be that Triple-S has purposefully availed itself of the privilege of conducting business in Arizona by virtue of its contract with Blue Cross Blue Shield, which presumably has offices in Arizona.

In various contexts, courts have found a defendant's membership in Blue Cross Blue Shields' national programs to be insufficient to establish personal jurisdiction. *See Angel Jet Servs.*, 2010 WL 481420, at *4-5; *St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co.*, No. CV-08-1870, 2009 WL 47125, at *9 (S.D. Tex. Jan. 6, 2009); *Bayada Nurses, Inc. v. Blue Cross Blue Shield of Mich.*, No. CV-08-1241, 2008 WL 2945388, at *3-7 (E.D. Pa. July 30, 2008). The Court similarly finds that merely contracting with an organization that does business in all fifty states does not thereby subject Triple-S to the jurisdiction of courts throughout the country. Furthermore, Plaintiffs do not allege or argue that Triple-S has contacted or contracted with Blue Cross Blue Shields' offices in Arizona. Because Plaintiffs have not shown that Triple-S has

sufficient contacts with Arizona, Triple-S is not found in Arizona for purposes of ERISA's venue provision.[2]

Upon a finding of improper venue, a court may "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiffs do not address whether a transfer is appropriate, and, because neither of the named plaintiffs is a proper party, the Court finds that transfer would not be appropriate. This case will be dismissed without prejudice. Maldonado's successor or representative may bring suit against Triple-S in a proper venue if such suit is legally warranted.

Finally, Plaintiffs' counsel are reminded of their obligation to comply with LRCiv 7.1(b)(1), including the requirement of 13-point font in text and footnotes of pleadings and other papers.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 18) is **granted.**
2. The Rule 16 Case Management Conference set for September 9, 2015 at 4:30 p.m. is **vacated.**
3. The Clerk is directed to terminate this action.

Dated this 3rd day of September, 2015.

David G. Campbell
United States District Judge

---

[2] Arguing to the contrary, Plaintiffs once again cite *Couture*, 2013 WL 1693598, where the court exercised jurisdiction in Arizona even though the relevant events occurred in Michigan and Florida. But the court in *Couture* did not discuss venue or jurisdiction. The Court cannot infer that the court in *Couture* implicitly found that venue was proper and that it could exercise personal jurisdiction, particularly since both of these issues may be waived by the defendant.

- 8 -