**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

International Air Medical Services
Incorporated, et al.,

                Plaintiffs,

v.

Triple-S Salud Incorporated,

                Defendant.

No. CV-15-00149-PHX-DGC

**ORDER**

Plaintiffs are Francisco Ortiz-Maldonado, now deceased, and International Air Medical Services, Inc. ("IAMS"), a provider of air-ambulance services. On March 20, 2013, IAMS transported Maldonado from a hospital in Florida to a hospital in Puerto Rico. Prior to his death, Maldonado assigned to IAMS his rights under his contract with Defendant Triple-S Salud, his health insurance provider, as payment for the transport. IAMS sought reimbursement from Triple-S, but Triple-S repeatedly denied the claim. On January 28, 2015, Plaintiffs brought suit under ERISA for a recovery of plan benefits. On September 3, 2015, this Court dismissed Plaintiffs' complaint because Plaintiffs lack standing to bring this suit and because the District of Arizona is an improper venue. The Court entered judgment in favor of Triple-S on September 23, 2015.

Plaintiffs have filed a motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure asking this Court to reconsider its September 23, 2015 judgment. Doc. 29. The issues are fully briefed. Docs. 34, 36. For the reasons that follow, the Court will deny Plaintiffs' motion.

## I.     Legal Standard.

Motions for reconsideration are disfavored and should be granted only in rare circumstances.  *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003).  A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."  LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Mere disagreement with an order is an insufficient basis for reconsideration.  *See Ross v. Arpaio*, No. CV-05-04177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).   Nor should reconsideration be used to ask the Court to rethink its analysis.  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## II.    Analysis.

Plaintiffs argue that the Court should grant their motion under Rule 60(b) for two reasons: (1) the Court mistakenly concluded that paragraph 15 of the Policy prohibits a beneficiary from assigning its cause of action to a service provider; and (2) newly discovered evidence shows that the Triple-S misrepresented that claim denials occurred in Arizona.  Plaintiffs contend that the Court should grant their motion under Rule 59(e) because the Court committed manifest error in concluding that venue is not proper in the District of Arizona.

### A.     Anti-Assignment Provision.

Plaintiffs argue that they are entitled to Rule 60(b)(1) relief because "the Court mistakenly construed anti-assignment language concerning rights and benefits to include causes of action assigned to service providers."  Doc. 29 at 4.  Rule 60(b)(1) permits district courts to grant relief from "an apparent error of law."  *Rezzonico*, 32 F. Supp. 2d at 1116 (citing *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 440 (9th Cir. 1982)

1   (additional citation omitted)).  Rule 60(b)(1) does not permit parties to "merely present

2   arguments previously raised, or which could have been raised in the original briefs."

3   *DIRECTV Inc. v. Eagle W. Commc'ns Inc.*, CV-09-00379-PHX-JAT, 2015 WL 274059,

4   at *3 (D. Ariz. Jan. 22, 2015).

5         In the briefing on Triple-S's motion to dismiss, the parties extensively briefed the

6   issue of whether paragraph 15 of the Policy is an anti-assignment clause that prohibits the

7   assignment of a beneficiary's cause of action to a third party.  *See* Docs. 18 at 4-6; 20 at

8   2-4, 6-9; 21 at 3-6.  The Court's September 3, 2015 order spent three pages addressing

9   this issue (*see* Doc. 25 at 2-4), concluding that IAMS lacked standing to pursue its claim

10   against Triple-S because "Maldonado's contract with Triple-S . . . bars the attempted

11   assignment of rights to IAMS."  *Id.* at 4.  Plaintiffs stridently disagree with this ruling.

12   Plaintiffs attempt to argue, once again, that paragraph 15 does not prohibit a beneficiary

13   from assigning its cause of action to a third party.  As this argument was already raised

14   and rejected by the Court, Plaintiffs' Rule 60(b)(1) motion on this basis is improper.

15   *DIRECTV*, 2015 WL 274059, at *3.  Plaintiffs' disagreement with the Court's

16   September 3, 2015 order is an insufficient basis for reconsideration.  *See Ross*, 2008 WL

17   1776502, at *2.

18         Plaintiffs contend that the Court committed a mistake "by applying Puerto Ric[an]

19   law to this assignment."  Doc. 29 at 7.  Plaintiffs correctly note that, in reaching its

20   conclusion on the anti-assignment provision, the Court cited a case from the District of

21   Puerto Rico, *City of Hope National Medical Center v. Seguros de Servicios de Salud de

22   Puerto Rico, Inc.*, 983 F. Supp. 68 (D.P.R. 1997), *aff'd* 156 F.3d 223 (1st Cir. 1998).  *See*

23   Doc. 29 at 5-7.  But Plaintiffs' contention that the Court applied Puerto Rican law is

24   mistaken.  The Court cited *City of Hope* as an example of a district court "finding that

25   similar language from a Triple-S contract constituted an anti-assignment clause."

26   Doc. 25 at 3-4.  As the quoted language makes clear, the Court merely cited *City of Hope*

27   as persuasive authority for the proposition that another district court had interpreted

28   similar contractual language to reach the same conclusion.

Plaintiffs suggest that the Court unfairly construed the anti-assignment clause by ruling without oral argument and denying them an opportunity to respond to Triple-S's anti-assignment arguments. *See* Doc. 29 at 4-5, 7. This contention is without merit. First, neither party requested oral argument on the motion to dismiss. *See* LRCiv 7.1(f); Docs. 18, 20, 21, 25 at 1. Second, Triple-S initially raised its anti-assignment arguments in its motion to dismiss. *See* Doc. 18 at 4-6. Plaintiffs dedicated several pages of their response to these arguments. *See* Doc. 20 at 2-4, 6-9. It is true, as Plaintiffs allege, that Triple-S first cited to *City of Hope* in its reply, but that does not mean Plaintiffs were denied a meaningful opportunity to address the anti-assignment arguments. Moreover, if Plaintiffs had felt it necessary to address *City of Hope*, they could have sought leave from the Court to file a surreply or could have requested oral argument. Plaintiffs made no such requests. Plaintiffs cannot use their motion for reconsideration to ask this Court to rethink its interpretation of the anti-assignment provision. *Rezzonico*, 32 F. Supp. 2d at 1116; *see N.W. Acceptance Corp.*, 841 F.2d at 925-26.

The Court also notes that Plaintiffs' response to the motion to dismiss failed to cite the primary cases relied upon in their motion for reconsideration: *Lutheran Medical Center v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan*, 25 F.3d 616 (8th Cir. 1994); *Hermann Hospital v. MEBA Medical & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992); *United Food & Commercial Workers Local 1776 v. Teikoku Pharma USA, Inc.*, No. 14-md-02521-WHO, 2015 WL 4397396 (N.D. Cal. July 17, 2015); *In re TFT-LCD Antitrust Litigation*, 2011 WL 4345316 (N.D. Cal. Sept. 15, 2011). All of these cases were available when Plaintiffs filed their response. As already noted, a motion for reconsideration may not be used to make arguments that could reasonably have been made earlier in the litigation. *Kona Enters., Inc.*, 229 F.3d at 890.

Plaintiffs were provided a full and fair opportunity to argue their anti-assignment position in response to Triple-S's motion to dismiss. The Court therefore denies Plaintiffs' motion for reconsideration under Rule 60(b)(1).

/ / /

**B.      New Evidence of Claim Denials Originating From Arizona.**

Plaintiffs assert they are entitled to relief under Rule 60(b)(3) because Triple-S "misrepresented to [Plaintiffs] and the Court that all benefit denials took place in Puerto Rico – yet inconspicuous new evidence reveals these denials also occurred in Arizona." Doc. 29 at 8.  "Under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case."  *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (citations omitted).

Plaintiffs argue that Triple-S misrepresented that all claim denials came from Puerto Rico, when in fact they came from both Puerto Rico and Arizona.  Doc. 29 at 8. To support this argument, Plaintiffs attached to their motion five notices from Blue Cross Blue Shield of Arizona that purport to be claim denials originating in Arizona.  *See id.* at 21-25.  But these notices are far from unambiguous.  They leave room for interpretation as to whether the decision to deny the claim was made in Puerto Rico or Arizona.  In fact, most of the relevant language appears to support Triple-S's position that the claim denials all occurred in Puerto Rico, rather than in Arizona.[1]  Plaintiffs have therefore failed to provide clear and convincing evidence that Triple-S misrepresented the origin of the claim denials.  *Lafarge Conseils Et Etudes*, 791 F.2d at 1338.

Although not explicitly stated, Plaintiffs' reliance on "inconspicuous new evidence" in their motion could also be construed as a motion under Rule 60(b)(2). Doc. 29 at 8.  To be entitled to Rule 60(b)(2) relief, "the movant must show that the new

---

[1] "Please be advised the claim has been denied and voided – reason for void is the pre-authorization has been approved to another provider; *please have the member contact the plan directly to see how the claim [was] processed* or under which provider this was authorized or if your provider needs to rebill the claim again." Doc. 29 at 21 (emphasis added).  "*Per the member's home plan* there is no authorization for this provider." *Id.* at 22 (emphasis added).  "*The member's benefit plan* confirmed the preauthorization was requested for another provider. . . . Please contact . . . the benefit plan regarding the authorization." *Id.* at 23 (emphasis added).  "*[P]er the member's benefit plan the original decision is maintained.*" *Id.* at 24 (emphasis added).  "*Per the member['s] benefit plan the appeal was denied. The original decision on the claim is upheld. The member may appeal directly with their benefit plan.*" *Id.* at 25 (emphasis added).

evidence '(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Shoen v. Shoen*, 933 F. Supp. 871, 876 (D. Ariz. 1996), *aff'd* 113 F.3d 1242 (9th Cir. 1997) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (additional citations omitted)).  Plaintiffs' Rule 60(b)(2) claim suffers from a fundamental flaw.  IAMS possessed each of the notices in 2014, well before Plaintiffs initiated this suit.  Plaintiffs have failed to explain why they could not have discovered the notices' relevant language using reasonable diligence. This is fatal to Plaintiffs' Rule 60(b)(2) motion.  *See Shoen*, 933 F. Supp. at 878.

Because Plaintiffs' Rule 60(b)(2) and (3) arguments both fail, the Court declines to consider Plaintiffs' equitable estoppel argument.  *See* Doc. 29 at 10-12.  The Court denies Plaintiffs' motion for reconsideration under Rule 60(b)(3) because Plaintiffs have failed to provide clear and convincing evidence that Triple-S misrepresented the origin of the claim denials.  To the extent Plaintiffs' motion can also be construed as being based on newly discovered evidence under Rule 60(b)(2), the Court denies it because the evidence could have been discovered with due diligence.

## C. Venue in the District of Arizona.

Plaintiffs argue that they are entitled to relief under Rule 59(e) because "the Court committed [a] clear error of law in denying personal jurisdiction [over Triple-S] and venue" as proper in the District of Arizona.  Doc. 29 at 13.  Under the Federal Rules of Civil Procedure, a Rule 59(e) motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005) (quotation marks and citation omitted).   In the briefing on Triple-S's motion to dismiss, the parties extensively briefed the issue of whether Arizona was a proper venue for this action.  *See* Docs. 18 at 6-11; 20 at 10-13; 21 at 6-9.  The Court's September 3, 2015 order spent nearly three pages addressing this issue (Doc. 25 at 5-8), concluding that Arizona is an

improper venue because Triple-S neither resides in nor is found in Arizona. *Id.* at 6.

Plaintiffs vigorously dispute this ruling. Plaintiffs' disagreement, however, is not an appropriate subject for a Rule 59(e) motion. Plaintiffs' motion for reconsideration is an attempt to argue, once again, that the District of Arizona is a proper venue for this action because Triple-S is properly subject to personal jurisdiction in Arizona. *See* Doc. 29 at 15-16. As this argument was already raised and rejected by the Court, Plaintiffs' motion on this basis is improper. *Kona Enters.*, 229 F.3d at 890.

Plaintiffs had a full and fair opportunity to present their venue arguments to the Court prior to its September 3, 2015 decision. The Court therefore denies Plaintiffs' motion for reconsideration under Rule 59(e). Because Plaintiffs' Rule 59(e) motion is improper, the Court declines to consider Plaintiffs' manifest injustice argument. *See* Doc. 29 at 16-17.

**IT IS ORDERED:**

1.      Plaintiffs' motion for reconsideration (Doc. 29) is **denied**.

2.      The Clerk is directed to terminate this action.

Dated this 14th day of December, 2015.

_____

David G. Campbell
United States District Judge